**STATE OF MINNESOTA**                              **DISTRICT COURT**

**COUNTY OF RAMSEY**                        **SECOND JUDICIAL DISTRICT**

**Case Type: Civil Other**

------------------------------------------------------------ X
Geraldine Tyler, on behalf of herself and all          :  File Number
others similarly situated,                             :
                                                       :  **SUMMONS**
                            Plaintiff,                 :
      v.                                               :
                                                       :
State of Minnesota, and Cynthia Bauerly in her :
capacity as Commissioner, Minnesota                    :
Department of Revenue,                                 :
                                                       :
                            Defendants                 :
------------------------------------------------------------ X

TO: THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an

Answer to the Complaint which is herewith served upon you within twenty (20) days after service

of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the Complaint.

You are further notified that this case may be subject to Alternative Dispute Resolution

pursuant to Minn. Stat. § 543.22 and Rule 114.01 of the General Rules of Practice for the District

Courts.

DATED:  August 16, 2019            REINHARDT WENDORF & BLANCHFIELD

                                   _s/Garrett D. Blanchfield_
                                   Garrett D. Blanchfield (#316878)
                                   Roberta A. Yard (#322295)
                                   332 Minnesota Street, Suite W1050
                                   St. Paul, MN  55101
                                   Telephone:  651/287-2100
                                   651/287-2103 (fax)

EXHIBIT A

Charles R. Watkins (pro hac vice pending)
Guin, Stokes & Evans, LLC
321 S. Plymouth Court
Suite 1250
Chicago, IL 60604
(312) 878-8391
charlesw@gseattorneys.com

Vildan A. Teske
Marisa C. Katz
Teske, Katz, Kitzer & Rochel, PLLP
222 South Ninth Street
Suite 4050 |
Minneapolis, MN 55402
(612)746-1558
teske@tkkrlaw.com
katz@tkkrlaw.com

Daniel C. Hedlund
Daniel J. Nordin
Gustafson Gluek, PLLC
120 South 6th Street
Suite 2600
Minneapolis, MN 55402
(612) 333-8844
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

***Counsel for Plaintiff***

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**DISTRICT COURT**

**SECOND JUDICIAL DISTRICT**

**Case Type: Civil Other**

---

| | |
|---|---|
| Geraldine Tyler, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>         v.<br><br>State of Minnesota, and Cynthia Bauerly in her capacity as Commissioner, Minnesota Department of Revenue,<br><br>                             Defendants. | Case No.:   _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT

Plaintiff Geraldine Tyler brings this action individually and on behalf of all others similarly situated against Defendants the State of Minnesota and Cynthia Bauerly ("Bauerly"), in her capacity as Commissioner of the Minnesota Department of Revenue, and demands a trial by jury. Plaintiff makes the following allegations based upon her personal knowledge as to her own acts, and upon information and belief, as well as upon the undersigned attorneys' investigative efforts, as to Defendants' actions, and allege as follows:

## NATURE OF THE ACTION

1.     This case seeks to end and remedy an unfair and unnecessary practice by the State of Minnesota. It is the practice—sanctioned by statute[1]—of using small, sometimes miniscule,

---

[1] Minn. Stat. § 282.01 provides, in part:
          (a) When acting on behalf of the state under laws allowing the county board to classify and manage tax-forfeited lands held by the state in trust for the local units as provided in section 281.25, the

amounts of unpaid real estate property taxes to seize people's property and evict them. The State then either takes the property for its own benefit or sells it for amounts that may exceed the amount of unpaid taxes, retaining not just the amount owed for unpaid taxes but the *entirety* of the sale proceeds, including all of the homeowner's equity in the property.

2.     Plaintiff asserts that the State's retention of value or proceeds in excess of the unpaid taxes and associated charges violates the Minnesota and United States Constitutions' prohibitions on the taking of private property for public use without just compensation and excessive fines.

3.     Plaintiff, on behalf of herself and all others similarly situated, seeks just compensation for the taking of their private property, an award of class counsel's fees, including attorneys' fees under Minn. Stat. § 15.472 and 42 U.S.C. § 1988, together with an injunction against further violations, reimbursement of expenses and costs of suit as allowed by law, and such other relief as the Court deems just and proper.

## **PARTIES**

4.     Plaintiff Geraldine Tyler is a citizen and resident of Minnesota.

5.     Plaintiff Tyler owned property located at 3600 Penn Avenue North, #105 in Minneapolis, Minnesota. Ms. Tyler purchased her condominium in 1999. In the years since she moved in, crime in Plaintiff's neighborhood began increasing. Because Plaintiff is elderly and was living alone, Plaintiff and her family were growing concerned about her health and safety. In or around 2010, Plaintiff finally began renting an apartment in a safer neighborhood and the property taxes on the condominium went unpaid. Hennepin County obtained a judgment against

---

county board has the discretion to decide that some lands in public ownership should be retained and managed for public benefits while other lands should be returned to private ownership.

the property in April 2012 and seized the property in July 2015. It sold the property in November 2016 for $40,000, although the outstanding taxes and fees were only $15,000. Plaintiff Tyler did not receive and has no way to obtain any of the excess funds generated by the sale of her home.

6.      Defendant State of Minnesota is a political entity and includes its agents, including the Commissioner of the Minnesota Department of Revenue ("Revenue Commissioner").

7.      Defendant Cynthia Bauerly is the Commissioner of the Minnesota Department of Revenue and, in that position, supervises and administers the tax forfeitures at issue herein, as did her predecessors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to Article VI, Section 3 of the Minnesota Constitution and Minn. Stat. § 484.01 subd. 1(1).

9.      Venue is proper in this judicial district pursuant to Minn. Stat § 542.18, because a substantial part of the events giving rise to the claims herein occurred within this district.

## BACKGROUND

10.     The United States and Minnesota Constitutions limit the government's power by prohibiting a taking of property in the absence of a "public use" and requiring that if property is taken, "just compensation" must be paid.

11.     Article I, Section 13 of the Minnesota Constitution provides: "Private property for public use: Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." Where there is no public purpose, the Minnesota Constitution prohibits takings altogether.

12.     The Fifth Amendment to the United States Constitution similarly lists government actions that are prohibited, and states "nor shall private property be taken for public use, without

just compensation." The 14th Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

13.     The Minnesota and United States Constitutions also prohibit the imposition of excessive fines. Both the Eighth Amendment to the United States Constitution, which applies to the States, and Article 1, Section 5 of the Minnesota Constitution, provide: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

14.     Despite these constitutional protections, Minnesota seizes the property of homeowners with unpaid real property taxes and/or other charges, transfers title to the State, and upon the sale of the property, retains all the excess equity or value in the property even after taxes and associated charges have been fully satisfied. Moreover, Defendants do not provide any means or mechanism for the owner to reclaim the excess equity or value, sometimes referred to as the surplus.

15.     By assuming physical possession of and dominion over the property, transferring title to the State and keeping either the entire property or the proceeds from a sale that are in excess of the amount owed, Defendants are taking the private property of Plaintiff and the class without just compensation, and making or assessing an excessive fine that is in addition to any penalties already imposed and far greater than what is owed in back taxes.

16.     Courts have long recognized that "[i]t is against all reason and justice for a people to entrust a legislature" with the power to enact "a law that takes property from A and gives it to B." *Calder v. Bull*, 3 U.S. 386, 388 (1798). This guiding principle has been recognized repeatedly

4

as a core tenet of the law in the United States, including in the Minnesota Constitution, and as a shield against the abuse of government power.

17.     Although case law on the subject of unconstitutional takings often deals with the related topics of eminent domain and inverse condemnation, the clear underlying legal message of these cases establishes broadly that the government can only take property for a public use and that when the government *does* take property, it must compensate the owner accordingly, lest the owner bear a disproportionate share of expenses that ought to be borne by the public for whose use it was taken

18.     A home or other type of real property is undeniably property protected by the U.S. and Minnesota Constitutions, as is the value or equity remaining after any valid taxes and associated charges are deducted.  Indeed, in *Lombard v. Louisiana,* 373 U.S. 267, (1963), Justice Douglas, concurring, stated "The principle that a man's home is his castle is basic to our system of jurisprudence."  Equity is an interest in real property and is subject to the same rules and entitled to the same protections as other forms of property.

19.     The U.S. Supreme Court has recognized that a homeowner is entitled to any equity he or she may have realized since the purchase of the property:

> [Fair market value] may be more or less than the owner's investment. He may have acquired the property for less than its worth or he may have paid a speculative and exorbitant price. Its value may have changed substantially while held by him. The return yielded may have been greater or less than interest, taxes, and other carrying charges. **The public may not by any means confiscate the benefits**, or be required to bear the burden, **of the owner's bargain**. *Vogelstein & Co. v. United States*, 262 U.S. 337, 340, 43 S.Ct. 564, 67 L.Ed. 1012. He is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more. It is the property and not the cost of it that is safeguarded by state and Federal Constitutions. *The Minnesota Rate Cases*, 230 U.S. 352, 454, 33 S.Ct. 729, 57 L.Ed. 1511, 48 L.R.A.(N.S.) 1151, Ann. Cas. 1916A, 18.

*Olson v. United States*, 292 U.S. 246, 255, 54 S. Ct. 704, 708, 78 L. Ed. 1236 (1934) (emphasis

added).

20.     Defendants have strayed far from our state and federal Constitutions' principles and the original goal of protecting homeowners from the harsh consequences of tax delinquency.

21.     When Defendants take real property pursuant to a property tax forfeiture and retain the value or sale proceeds in excess of the amount owed, such retention is not purely remedial in nature but rather is retributive or meant to serve as a deterrent.  Defendants' retention of value or equity belonging to Plaintiff or Class Members therefore implicates the Excessive Fines Clause of the Minnesota Constitution.

22.     Similarly, under the United States Constitution, proportionality is the foundation of the constitutional inquiry under the Excessive Fines Clause.  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.

23.     Defendants' actions violate the Excessive Fines Clause of both the Minnesota and United States Constitutions.

24.     Unfortunately, Defendants' unconstitutional takings of Plaintiff's and Class Members' home equity often targets and victimizes those most in need of protection: the elderly, disabled and/or other vulnerable groups of Minnesotans who lack the resources necessary to pay back taxes and avoid forfeiture.

25.     Notably, some states, like Montana, have outlawed or abolished seizure practices like Minnesota's. In other states, such as New Hampshire, Vermont and Mississippi, the Supreme Courts that have held these practices to be unconstitutional.  In yet other states, the surplus or "overage" from a tax forfeiture sale is, or can be, refunded to the owner.[2]

---

[2] *See, e.g.*, Ala. Code § 40-10-28; Fla. Stat., § 197.582; Ga. Code Ann. § 48-4-5; Me. Rev. Stat. tit. 36, § 949; 72 Pa. Stat. § 1301.19; 72 Pa. Cons. Stat. Ann. § 1301.2; S.C. Code Ann. § 12-51-130; Tenn. Code Ann. § 67-5-2702;

26.     Federal law provides that excess proceeds from a tax sale belong to and must be returned to the former owner.  *See, e.g., United States v. Rodgers*, 461 U.S. 677, 690-94 (1983) (in a forced sale to recover delinquent federal taxes under 26 U.S.C. § 7403, government may not ultimately collect, as satisfaction for the indebtedness owed to it, more than the amount actually due.  If seizure of property extends beyond property necessary to satisfy tax debt, the excess must be repaid as compensation for the taking).

27.     In Minnesota, as elsewhere, real estate taxes assessed are small in relation to the value of the property, averaging according to some sources, approximately 1.05% of the value.  *See* http://www.tax-rates.org/minnesota/property-tax. (last visited August 15, 2019).   Thus, the real estate taxes on a typical home worth $200,000 might be in the $2,100 per year range.

28.     When a property owner in Minnesota fails to pay property taxes, the tax becomes delinquent, and, if the taxes remain unpaid, they become a lien against the property.

29.     Ultimately, unpaid taxes can result in a judgment being entered on that lien by the district court, followed by a period of redemption.  During the redemption period, the owner, or others having certain legal interests in the property, can pay or redeem the delinquent taxes.

30.     If the property is not redeemed, however, the property forfeits in its entirety to the State, whereupon it can either be sold or retained and managed for public benefit.

31.     Minnesota law, however, provides no avenue for the owner to recover the equity or surplus value or sale proceeds lost as a result of the seizure and/or sale of his or her property.

32.     Although some tax forfeiture actions occur at the county level, the counties are

---

Va. Code Ann. § 58.1-3967; and Wash. Rev. Code Ann. § 84.64.080. Under the Supreme Court's recent decision in *Knick v. Township of Scott, Pennsylvania*,____ U.S. ___ (2019), the taxpayer's ability to obtain a surplus will not "save" an otherwise unconstitutional forfeiture law, but the existence of such palliative procedures in sister states highlights the harshness of the Minnesota forfeiture regime.

acting pursuant to State statutes on behalf of the State.  As the Hennepin County website explains: "When land is forfeited, … **the county administers this process for the state**."  *See* https://www.hennepin.us/residents/property/tax-forfeited-land (last visited August 15, 2019) (emphasis added).  Other Minnesota counties use similar language to explain how they are also acting as agents for the State.[3]

33.     Property that is forfeited is "classified" pursuant to Minn. Stat. Ann. § 282.01; that is, a determination is made  whether the property will be kept and used by the State, or sold, with the government retaining all proceeds.  *See, e.g.*, http://www.hennepin.us/residents/property/tax-forfeited-land (last visited August 15, 2019).

34.     Whether forfeited property is sold or held and used for public purposes, the end result is that a homeowner's failure or inability to pay property taxes—an often miniscule fraction of the property's value—leads to Defendants physically seizing the property, evicting the owner and other occupants, retaining the property or all the money resulting from its sale, and thereby appropriating the entirety of the homeowner's property and equity.

35.     Unlike a mortgage foreclosure sale, where amounts realized in excess of the debt owed on the property may be held for the owner, in a tax forfeiture, the State simply confiscates the homeowner's property.  The State neither returns the property, or any portion thereof, or any sale proceeds, to the owner.

36.     The State is under no statutory obligation to reimburse the homeowner for the amount by which amounts realized on the sale (or value) of the property exceeds the unpaid taxes and associated charges and, in fact, does not do so.  The homeowner simply loses to the State both

---

[3] *See, e.g.*, Ramsey County website, https://www.ramseycounty.us/residents/property-home/taxes-values/tax-forfeited-land-information ("Tax-forfeited land is property that has been turned over to the state due to unpaid taxes. … The county administers this process for the state.") (last visited August 15, 2019).

the property, its value and its equity.

37.     To cite a hypothetical, but illustrative, example, assume a homeowner's failure to pay taxes results in $10,000 in unpaid taxes and associated charges on a property worth $100,000. The property is seized by the State and ultimately sold for $100,000. The owner receives nothing, even though the sale price far exceeds the total of unpaid taxes and associated costs. The State gets a windfall of $90,000, while the homeowner receives no compensation for any the excess equity in their property.

38.     How do homeowners' properties end up being forfeited to the State? According to Hennepin County's website:

> "Owners fall into financial trouble because of job loss, a sudden and expensive medical crisis, unexpected property expenses, and other reasons. Sometimes these two processes [mortgage foreclosure and tax forfeiture] are occurring at the same time."

See http://www.hennepin.us/residents/property/tax-forfeited-land. (last visited August 15, 2019). Furthermore, the forfeiture process can be confusing and complicated, especially for a struggling homeowner. Indeed, the Minnesota Delinquent Tax and Tax Forfeiture Manual or "Red Book"—a *242-page* manual—acts as a "guide for county auditors and county land commissioners to use in the administration of the law concerning property tax delinquency and tax forfeiture of real property." *See* https://www.revenue.state.mn.us/delinquent-real-property-tax-and-tax-forfeiture-manual-red-book (last visited August 15, 2019). Distressed homeowners receive no such guide to help them navigate this process and protect their property.

39.     Tax forfeitures are sometimes referred to as a "foreclosure crisis," https://www.nclc.org/images/pdf/foreclosure_mortgage/tax_issues/tax-lien-sales-report.pdf (last visited August 15, 2019) and are described as resulting from outmoded state laws which are

incredibly confusing and present problems to which the elderly are particularly vulnerable. *See generally,* Mahoney, Emily L., & Clark, Charles T., "Arizona owners can lose homes over as little as \$50 in back taxes", The Arizona Republic, June 12, 2017, *available at* https://www.azcentral.com/story/money/real-estate/2017/06/12/tax-lien-foreclosures-arizona-maricopa-county/366328001/ (describing Arizona's version of the tax forfeiture process) (last visited August 15, 2019).

40.    Here, Plaintiff had a property that was seized and sold for an amount exceeding the unpaid taxes and associated charges on the forfeited property. Nonetheless, Plaintiff did not receive any of the excess funds generated by the sale.

## CLASS ALLEGATIONS

41.    Plaintiff brings this action on behalf of herself and all others similarly situated under Minnesota Rule of Civil Procedure 23 as representatives of a class defined as:

> All persons or entities who owned or had an ownership interest in real property which was seized by the State of Minnesota pursuant to Minn. Stat., Ch. 282 to satisfy unpaid real estate taxes and associated charges and fines, and which had a value of or was sold for more than the amount necessary to satisfy such taxes and associated charges.

42.    Members of the Class are so numerous that the individual joinder of all absent Class Members is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, based upon the widespread nature of the causes of failure to pay real estate taxes, and review of publicly available tax records from the counties in Minnesota, the proposed Class likely includes at least hundreds of members, and more likely includes thousands.

43.    Common questions of law and fact exist as to all Class Members. These questions predominate over any questions unique to any individual Class Member and include, without limitation:

a.      Whether Defendants' sale and retention of Plaintiff's and the Class Members' forfeited properties without remitting to them the excess or surplus value or proceeds resulting from such sale or retention constitutes a taking of private property;

b.      Whether Defendants' taking of Plaintiff's and the Class Members' forfeited properties was for a public use;

c.      Whether Defendants' taking of Plaintiff's and the Class Members' forfeited properties for public use was without "just compensation therefor, first paid or secured" and therefore, in violation Art. I, § 13 of the Minnesota Constitution;

d.      Whether Defendants' taking of Plaintiff's and the Class Members' forfeited properties for public use was without "just compensation," and therefore, in violation of the Fifth Amendment to the United States Constitution;

e.      Whether Defendants' actions, including retention of the surplus proceeds or equity resulting from the sale of Plaintiff's and Class Members' property, constitutes unconstitutional "excessive fines" in violation of Art. I, § 5 of the Minnesota Constitution;

f.      Whether Defendants' actions including retention of the surplus proceeds or equity resulting from the sale of Plaintiff's and Class Members' property constitutes unconstitutional "excessive fines" in violation of Eighth Amendment to the United States Constitution; and

g.      Whether injunctive relief is appropriate to halt Defendants' practices as complained of herein.

44.     Plaintiff's claims are typical of the claims of the Class.  Defendants' actions have affected Class Members equally because those actions were directed at Plaintiff and Class Members and affected each in the same manner.  Accordingly, Plaintiff's claims against

Defendants based on the conduct alleged in this Complaint are identical to the claims of other Class Members.

45.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests adverse to the interests of the Class.  Plaintiff is committed to prosecuting this action to a final resolution and has retained competent counsel who have extensive experience in prosecuting complex class action litigation and questions of constitutional law and who will vigorously pursue this litigation on behalf of the Class.

46.     A class action is superior to other methods of adjudicating this controversy.

47.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

48.     Defendants have acted or refused to act on grounds generally applicable to the Class.

49.     Questions of law and fact common to members of the Class predominate over any individual questions that may be alleged to affect only individual Class Members.

50.     The damages sustained by the individual Class Members will not be large enough to justify individual actions when considered in proportion to the significant costs and expenses necessary to prosecute a claim of this nature against Defendants.  The expense and burden of individual litigation would make it impossible for members of the Class individually to address the wrongs done to them.

51.     Even if every Class Member could afford individual litigation, the court system could not.  Class treatment, on the other hand, will permit the adjudication of claims of Class Members who could not individually afford to litigate their claims against Defendants and will

permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that individual actions would entail.

52.     No difficulties are likely to overcome the manageability of this class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

53.     All Counts, claims and legal theories pleaded herein are pleaded in the alternative.

## COUNT I
## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE
## IN VIOLATION OF THE UNITED STATES CONSTITUTION
## (AGAINST DEFENDANT BAUERLY)

54.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

55.     By taking private property without a public use, Defendants violate the United States Constitution.

56.     Minnesota has no public use to support or justify taking or keeping the surplus or equity when that equity is larger in amount than the taxes and associated charges owed. The United States Constitution precludes such arbitrary exercise of government power.

57.     The Minnesota statutes pursuant to which, and to the extent they authorize or purport to authorize Defendants or any of them to take Plaintiff's property for other than a public use, to wit Minn. Stat. §§ 280 and 282, are unconstitutional.

58.     The actions of Defendants in taking Plaintiff's and the Class' property for other than public use violate the United States Constitution.

59.     Plaintiff and class members face a threat of great and irreparable harm if, after a

trial on the merits, a permanent injunction is not granted, in that there is a threat their property rights will continue to be violated by Defendants.

60.     Plaintiff and class members have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

61.     Plaintiff and the Class have been injured and damaged by the taking of the equity in their property for no public use and are entitled relief as a result.

## COUNT II
## TAKING OF PRIVATE PROPERTY
## WITHOUT JUST COMPENSATION IN VIOLATION OF THE
## UNITED STATES CONSTITUTION
## (AGAINST DEFENDANT BAUERLY)

62.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

63.     The Fifth Amendment to the United States Constitution provides, in pertinent part, "nor shall private property be taken for public use, without just compensation."  The Fourteenth Amendment prohibits states from violating these rights.

64.     Minnesota's forfeiture statute requires that any excess proceeds be retained by the state or by the taxing district.  Minn. Stat. §§ 282.05, 282.08.

65.     The tax forfeiture statutes permit and require the taking of Plaintiff's private property without just compensation, which is a deprivation of Plaintiff's rights secured under the Fifth and Fourteenth Amendments to the United States Constitution.

66.     The cause of action for a taking in violation of the United States Constitution is brought as a direct action under the Fifth and Fourteenth Amendments to the United States Constitution.

67.     This cause of action is also brought, in addition and in the alternative, if applicable, pursuant to 42 U.S.C. § 1983 for an order directing Defendants to comply with the mandates of the Fifth and Fourteenth Amendments to the United States Constitution by paying just compensation to Plaintiff for their property that has been taken without payment of just compensation.

68.     Plaintiff and class members face a threat of great and irreparable harm if, after a trial on the merits, a permanent injunction is not granted, in that there is a threat their property rights will continue to be violated by Defendants.

69.     Plaintiff and class members have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

70.     Plaintiff and the Class have been injured and damaged by the failure to pay just compensation for the loss of their property and are entitled to other relief as a result.

## COUNT III
## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE
## IN VIOLATION OF THE MINNESOTA CONSTITUTION

71.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

72.     The Minnesota Constitution provides at Article I, § 13: "Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." This clause requires the government to provide or secure just compensation before taking private property for a public use.

73.     By taking private property without a public use, Defendants violate the Minnesota Constitution.

74.     Minnesota has no public use to support or justify taking or keeping the surplus or equity when that equity is larger in amount than the taxes and associated charges owed.  The Constitution precludes such arbitrary exercise of government power.

75.     The Minnesota statutes pursuant to which, and to the extent they authorize or purport to authorize, Defendants or any of them to take Plaintiff's property for other than a public use, to wit Minn. Stat. §§ 280 and 282, are unconstitutional.

76.     The actions of Defendants in taking Plaintiff's and the Class' property for other than public use violate the Minnesota Constitution.

77.     Plaintiff and the putative Class have been injured and damaged by the taking of their property for no public use and are entitled to just compensation and other relief as a result.

## COUNT IV
## TAKING OF PRIVATE PROPERTY
## WITHOUT JUST COMPENSATION IN VIOLATION OF THE
## MINNESOTA CONSTITUTION

78.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

79.     The Minnesota Constitution provides at Article I, § 13: "Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured."

80.     Minnesota's forfeiture statute requires that any excess proceeds be retained by the state.  Minn. Stat. § 280.29.

81.     The tax forfeiture statutes permit and require the taking of Plaintiff's private property without just compensation, which is a deprivation of Plaintiff's rights secured under the

Minnesota Constitution.

82.     The cause of action for a taking in violation of the Minnesota Constitution is brought as a direct action.

83.     Plaintiff and the Class have been injured and damaged by the failure to pay just compensation for the loss of their property and are entitled to compensation and other relief as a result.

**COUNT V**
**EXCESSIVE FINES VIOLATION OF THE UNITED STATES CONSTITUTION**
**(AGAINST DEFENDANT BAUERLY)**

84.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

85.     The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

86.     Confiscating the entire value of Plaintiff's property including the excess or surplus equity in Plaintiff's and Class Members' properties because of non-payment of small amounts of real estate taxes is an excessive fine under Eighth Amendment to the United States Constitution.

87.     Defendants are engaged in assessing and collecting prohibited excessive fines.

88.     Plaintiff and class members face a threat of great and irreparable harm if, after a trial on the merits, a permanent injunction is not granted, in that there is a threat their property rights will continue to be violated by Defendants.

89.     Plaintiff and class members have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

90.     Plaintiff and the Class have been injured and damaged by the unlawful excessive

fines under the United States Constitution and are entitled to relief as a result.

## COUNT VI
## EXCESSIVE FINES VIOLATION OF THE MINNESOTA
## CONSTITUTION

91.     The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

92.     Article I, Section 5 of the Minnesota Constitution prohibits the imposition of excessive fines.

93.     Confiscating the entire value of Plaintiff's property including the excess or surplus equity in Plaintiff's and Class Members' properties because of non-payment of small amounts of real estate taxes is an excessive fine under Article I, Section 5 of the Minnesota Constitution.

94.     Defendants are engaged in assessing and collecting prohibited excessive fines.

95.     Plaintiff and the Class have been injured and damaged by the unlawful excessive fines under both the Minnesota Constitution, and are entitled to compensation and other relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that:

a.  The Court determine this action may be maintained as a class action pursuant to Minnesota Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3), with Plaintiff being designated as representatives of such Class and Plaintiff's undersigned counsel as Class Counsel;

b.  The Court find and declare that Defendants' taking and sale of Plaintiff's and Class Members' property, including all equity therein, for no public use violates

the United States and Minnesota Constitutions;

 c. Or in the alternative, the Court find and declare that Defendants' taking and sale of Plaintiff's and Class Members' property, including all equity therein, was not attended by payment or securing just compensation and as such violates the United States and Minnesota Constitutions;

 d. The Court find and declare that Defendants' appropriation of Plaintiff's and Class Members' real estate equity is an excessive fine in violation of the United States and Minnesota Constitutions;

 e. The Court find and declare relevant provisions of Minn. Stat. § 282 are unconstitutional under the United States and Minnesota Constitutions, causing such confiscations and sales to be null and void and in violation of the United States and Minnesota Constitutions;

 f. The Court award Plaintiff and the Class damages and/or just compensation, including prejudgment interest, in an amount to be determined at trial;

 g. The Court award Plaintiff and the Class their costs of this suit, including reasonable attorney's fees, as provided by law;

 h. The Court enjoin Defendants from further seizing real estate equity from Plaintiff and the Class; and

 i. The Court grant the Plaintiff and the Class such other and further relief as the nature of the case may require or as may be deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable of right by a jury.

Filed in District Court
State of Minnesota
8/16/2019 11:32 AM

Date:   August 16, 2019____

By: /s/Garrett D. Blanchfield
    Garrett D. Blanchfield (209855)
    Roberta A. Yard (322295)
    Reinhardt, Wendorf & Blanchfield
    332 Minnesota St., Suite W1050
    St. Paul, MN 55101
    (651) 287-2100
    g.blanchfield@rwblawfirm.com
    r.yard@rwblawfirm.com

    Charles R. Watkins (*pro hac vice pending*)
    Guin, Stokes & Evans, LLC
    321 S. Plymouth Court
    Suite 1250
    Chicago, IL 60604
    (312) 878-8391
    charlesw@gseattorneys.com

    Vildan A. Teske
    Marisa C. Katz
    Teske, Katz, Kitzer & Rochel, PLLP
    222 South Ninth Street
    Suite 4050 |
    Minneapolis, MN 55402
    (612)746-1558
    teske@tkkrlaw.com
    katz@tkkrlaw.com

    Daniel C. Hedlund
    Daniel J. Nordin
    Gustafson Gluek, PLLC
    120 South 6th Street
    Suite 2600
    Minneapolis, MN 55402
    (612) 333-8844
    dhedlund@gustafsongluek.com
    dnordin@gustafsongluek.com

    **Counsel for Plaintiff**

Filed in District Court
State of Minnesota
8/16/2019 11:32 AM

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that sanctions, including costs, disbursements, and reasonable attorney fees, may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

_s/Garrett D. Blanchfield_____