UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALDINE TYLER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HENNEPIN COUNTY, and DANIEL P. ROGAN, Auditor-Treasurer, in his official capacity,<br><br>Defendants. | Case No. 20-cv-889-PJS-DJF<br>Judge Patrick J. Schiltz |

## STIPULATION TO REMAND

Plaintiff GERALDINE TYLER ("Plaintiff") and Defendants HENNEPIN COUNTY and DANIEL P. ROGAN, Auditor-Treasurer of Hennepin County in his official capacity ("Defendants") (collectively, Plaintiff and Defendants are referred to herein as the "Parties"), by and through their attorneys of record, jointly submit the following Stipulation to Remand this action back to Ramsey County, Minnesota District Court, Second Judicial District ("State Court"), from which it was removed.

RECITALS:

On August 16, 2019, Plaintiff filed a putative class action Complaint in Ramsey County, Minnesota, (62-CV-19-6012 (Doc. 1-1)), against the State of Minnesota and the Commissioner of Revenue (the "State") alleging that Minnesota's system of confiscating homes for non-payment of property taxes without compensation to the owner when the home's value exceeded the amount of taxes owed constituted an unconstitutional taking of

property from such homeowners without compensation in violation of the United States and Minnesota Constitutions.

On April 7, 2020, after the present Defendants were added to the Complaint by amendment, Defendants exercised their discretion to remove the action pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(a) (Doc. 1).

On April 9, 2020, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff voluntarily dismissed the State without prejudice (Doc. 9) and with a tolling agreement to prevent the running of any statute of limitations against Plaintiff and the putative class during the agreement's pendency (Doc. 9-1).

On December 4, 2020, this Court issued its order concluding that it was not deprived of subject matter jurisdiction by the Tax Injunction Act because Plaintiff's claims did not at that time seek to enjoin, restrain or suspend the collection of any property tax, but instead sought only the excess value of properties retained by Defendants after first satisfying the tax amounts to which it was due (Doc. 45). That opinion also dismissed all of Plaintiffs' claims for failure to state a claim, *id.,* and on December 7, 2020, Judgment was entered accordingly (Doc. 47).

On December 29, 2020, Plaintiff timely appealed the dismissal to the Eighth Circuit Court of Appeals (Doc. 47), which affirmed the dismissal on February 16, 2022 (Doc. 50).

The United States Supreme Court granted Plaintiff's petition for certiorari on January 18, 2023 (Doc. 54) and on May 25, 2023, the Supreme Court reversed the judgment of the Eighth Circuit and reinstated Plaintiff's claims.

On June 23, 2023, prior to the issuance of the mandate by the Eighth Circuit on July 19, 2023 (Doc. 65), counsel for Plaintiffs in *Tyler* filed a new putative class action in State Court: *Sporleder, et al. v. State of Minnesota, et al.*, Case No. 62-CV-23-3405 (Ramsey County District Court), containing allegations in addition to the Plaintiff's allegations in this case. The new complaint in *Sporleder* reasserts claims for damages or monetary relief against the State that had been voluntarily dismissed without prejudice from the *Tyler* action and also directly implicates the Tax Injunction Act by seeking to suspend all property tax collections through the tax sale process and to modify that process to conform to the Supreme Court's opinion in *Tyler*. The *Sporleder* action seeks certification of a statewide plaintiff class against the State and all 87 Minnesota counties and the State of Minnesota. The present case is limited to Hennepin County.

On July 18, 2023, a similar case was filed against the State of Minnesota and St. Louis County: *Demars, et al. v. St. Louis County, et al.*, Case No. 69HI-CV-23-713. The *Demars* case was not filed by counsel for Tyler and is limited to St. Louis County.

On August 17, 2023, on motion of the State, the Chief Justice of the Minnesota Supreme Court ordered pursuant to Minn. Gen. R. Prac. 113.03 and Minn Stat. § 2.724, subd. 1 (2022), that the Honorable Leonardo Castro of Ramsey County District Court, Second Judicial District, be appointed to hear and decide all matters in *Sporleder*, *Demars* and "any additional cases that may be filed in any district court in Minnesota asserting claims concerning the constitutionality of Minnesota's property tax forfeiture statutes."

In the interim, the Parties have had extensive discussions regarding coordination of the *Tyler* and *Sporleder* actions, possible class-wide and statewide resolution of the claims

asserted in such actions, legislation to potentially modify the State's property tax collection processes, and the Parties' desire to proceed in the most efficient and expeditious manner, avoiding the inefficiencies of proceeding simultaneously with redundant claims and classes in both state and federal court, especially where, as here, it is anticipated that any resolution necessarily will include the participation of the State and legislature.

At the scheduling conference before Magistrate Judge Foster on September 7, 2023, the Parties advised the court of the foregoing, including their settlement discussions, and of the Parties' desire to remand this action to Ramsey County, from whence it was removed, so that all parties and claims can be addressed and/or resolved in the one forum with jurisdiction over all parties and claims.

The Parties accordingly agree and hereby stipulate to remand this action back to the State Court for all purposes and jointly request an order to that effect.

IT IS SO STIPULATED.

Dated:  September 15, 2023                REINHARDT WENDORF & BLANCHFIELD

*/s/Garrett D. Blanchfield*
Garrett D. Blanchfield (#209855)
Roberta A. Yard (#322295)
332 Minnesota Street, Suite W-1050
St. Paul, MN 55101
Phone: (651) 287-2100
Email: g.blanchfield@wblawfirm.com
         r.yard@rwblawfirm.com

Charles R. Watkins (*pro hac vice*)
Guin, Stokes & Evans, LLC
321 S. Plymouth Ct., Ste. 1250
Chicago, IL 60604
Phone: (312) 878-8391
Email: charlesw@gseattorneys.com

Vildan A. Teske (#241404)
TESKE LAW, PLLC
222 South Ninth Street
Suite 1600
Minneapolis, MN 55402
Phone: (612) 746-1558
Email: teske@teskelaw.com

*ATTORNEYS FOR PLAINTIFF*

Dated September 15, 2023

MARY F. MORIARTY
Hennepin County Attorney

*/s/* Rebecca Holschuh
Rebecca L.S. Holschuh (# 0392251)
Jeffrey Wojciechowski (# 0397748)
Assistant County Attorney
Attorney for County of Hennepin
A-2000 Government Center
300 South 6th Street
Minneapolis, MN 55487
Telephone: (612) 348-4797
Email:  rebecca.holschuh@hennepin.us
         jeffrey.wojciechowski@hennepin.us

*ATTORNEYS FOR DEFENDANTS HENNEPIN
COUNTY AND MARK V. CHAPIN*